LANDRIEU, Judge,
concurring.
I concur in the majority’s reasoning. I write separately to note that the witness was under oath and subject to cross-examination when he gave the prior inconsistent statement sought to be introduced by the State as substantive evidence. Though the touchstones of reliability appear to be present, the legislature in La.Code Evid. art. 801 D(l)(a) specifically restricted the admissibility of pri- or inconsistent statements as substantive evidence to those made by the testifying witness under oath and when he was subject to cross-examination either at the accused’s prior trial or at the accused’s preliminary examination. Such a limitation ensures that the defendant’s right to confront his accusers and to cross-examine them is preserved, because that right is more fully realized when the nature of the proceeding, and therefore the defendant’s cross-examination, is focused on the defendant’s guilt or innocence, rather than the issue of suppressing evidence.
The scope of a preliminary examination is set forth in La.Code Crim. Proc. art. 296. If the accused has not been indicted by a grand jury, the purpose of a preliminary examination is to determine whether there is probable cause to charge him with the offense or a lesser included offense. If the accused has been indicted by a grand jury, as was the defendant in this case, a preliminary examination is limited to the perpetuation of testimony or to the fixing of bail.
bThe trial judge did not err in refusing to characterize the instant hearing as a preliminary examination. As the majority concludes, the hearing at which the statement was made concerned a motion to suppress the identification, rather than the perpetuation of testimony or the fixing of bail. Accordingly, the trial judge’s denial of the State’s motion in limine was proper.